# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ELIZABETH PANZARELLA, *individually and on behalf of all others similarly situated*

**(b)** County of Residence of First Listed Plaintiff    DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste.900, Philadelphia, PA 19102
215-351-0200

## DEFENDANTS

FINANCIAL ASSET MANAGEMENT SYSTEMS

County of Residence of First Listed Defendant    _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **IMMIGRATION** | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C. §1692k et seq.
Brief description of cause: inaccurate credit reporting dispute

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE 2/6/20

SIGNATURE OF ATTORNEY OF RECORD /s/ *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

ELIZABETH PANZARELLA, *individually and on behalf of all* : CIVIL ACTION
*others similarly situated    similarly situated* :
    v. :
: NO.
FINANCIAL ASSET MANAGEMENT SYSTEMS, INC

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.   (  )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   (  )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.   (  )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   (  )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( X )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.   (  )

2/6/20                                      _____/s/_____
(Date)                                       Attorney-at-law

                              ROBERT P. COCCO, ESQ.
                              Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____47 Salem Road Schwenksville, PA 19473_____

Address of Defendant: _____645 Molly Lane, Suite 110, Woodstock, GA 30189-3733_____

Place of Accident, Incident or Transaction: _____47 Salem Road Schwenksville, PA 19473_____

---

**RELATED CASE, IF ANY:**

Case Number: ___n/a___   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/06/2020__   _/s/ signature_   __61907__
  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
  *(Please specify):* _____FDCPA_____

**B.  Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __ROBERT COCCO__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __02/06/2020__   _/s/ signature_   __61907__
  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH PANZARELLA, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.;<br>Defendant. | C.A. No. 20-<br><br>CLASS ACTION<br><br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

1. Plaintiff Elizabeth Panzarella ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to the facts pertaining to herself and upon information and belief as to all other matters, and based on the investigation of counsel, brings this class action against defendant Financial Asset Management Systems, Inc. ("FAMS" or "Defendant"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges as follows:

### I.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C.§ 227 *et seq.*, 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This Court possesses specific personal jurisdiction over FAMS as a result of its acts within this District.

4. FAMS maintains contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent in Pennsylvania and possesses such a significant and continuous presence in this District such as to be subject to the

personal jurisdiction of this Court.

5. In addition, Plaintiff's and Class members' injuries alleged in this action arise from FAMS's business of providing student loan products and services in Pennsylvania and result from Defendant's tortious conduct in violation of the TCPA and the FDCPA within Pennsylvania and outside of Pennsylvania. FAMS directed its conduct to have intended effects within Pennsylvania.

6. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

## II. PARTIES

7. Plaintiff Elizabeth Panzarella is a natural person residing in Schwenksville, Pennsylvania.

8. Plaintiff is a "called party" within the meaning of the TCPA with respect to the calls placed to her cellular telephone number.

9. Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

10. Defendant FAMS is a corporation with principal offices at 645 Molly Lane, Suite 110, Woodstock, GA 30189-3733. FAMS regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

## III. FACTUAL ALLEGATIONS

11. The debt which is the subject of Defendant's collection is not Plaintiff's debt but is instead a federal student loan debt incurred by Plaintiff's son, Matthew, which was co-signed by Plaintiff's husband, Russell, to pay for Matthew's education.

12. On or about October 29, 2019, FAMS began calling Plaintiff from a telephone number showing on her cellular phone display as 866-271-2049.

13. On or about November 22, 2019, FAMS contacted Plaintiff on her cell phone at her place of work from phone number 866-330-2703 via its collection agent who identified himself as "Clayton Jackson."

14. The FAMS employee asked Plaintiff if he could speak with Russell to which Plaintiff responded that he was not calling Russell's phone number, but that Russell was her husband.

15. The FAMS employee proceeded to tell Plaintiff he was calling on behalf of FAMS regarding a $17,289.00 student loan that Russell co-signed for.

16. During the call, FAMS offered Plaintiff settlement terms for Russell involving a discounted payoff of the loan in exchange for removing Russell's name from the loan.

17. FAMS then told Plaintiff that her son, Matthew, owed over $50,000 to FAMS and that FAMS was going to proceed with legal action against Matthew and Russell for the aforementioned $17,289.00 loan.

18. Plaintiff advised FAMS that she was at work and could not talk further about her the debt.

19. The FAMS employee provided Plaintiff with a telephone number to contact them back concerning the debt, which was 866-330-2703.

20. The FAMS employee continued to persist in offering settlement terms regarding the debt, forcing Plaintiff to reiterate she was at work and could not talk further.

21. On or about December 12, 2019, FAMS again contacted Plaintiff on her cell phone at her place of work concerning the debt via its collection agent who identified herself as "Lisa Wilkie."

22. On or about December 13, 2019, FAMS again contacted Plaintiff on her cell phone at her place of work concerning the debt via its collection agent who identified himself as "Chase."

## IV.  CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

   a. <u>FDCPA Class</u>: All persons residing in the Commonwealth of Pennsylvania who are non-debtors who received debt collection contacts from Defendant regarding collection of another person's debt during the one year prior to the filing of this Complaint and continuing through the final resolution of this case.

   b. <u>TCPA Class:</u> All cellular telephone subscribers in the United States who during the four years prior to the filing of this Complaint through the final resolution of this case, were non-debtors who received an autodialed call from Defendant on their cellular telephone without their prior express consent regarding a debt they did not owe.

24. The Classes are so numerous that joinder of all members is impracticable.

25. Upon information and belief, Defendant has failed to properly reviewed hundreds if not thousands of student loan borrower requests for rehabilitation and applied the same improper income analysis applied to Plaintiff here. Thus, the precise number of Class members is known only to the Defendant who regularly services federal student loan debts.

26. The principal question of law common to the Classes predominate over any questions affecting only individual Class members. The principal questions are (1) whether Defendant had any lawful collection objective in contacting third parties it located when acquisition of location information for debtors was not required, as permitted by 15 USC § 1692b; (2) whether Defendant had consent to contact a non-debtor's cell phone without consent;

(3) whether debtors and non-debtors are significantly injured by the use of such collection tactics; and, (4) whether Defendant violated the FDCPA and TCPA by its aforesaid collection tactics. Such proofs are matters of Defendant's regular policies, routines and practices.

27. Plaintiff's claim is typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

28. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

29. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

30. A class action is a superior method for the fair and efficient adjudication of this controversy.  The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to the individuals may not be sufficient to justify individual litigation.  Here, the damages suffered by Plaintiff and the Classes regarding calls to third parties for purposes of debt collection and calls to a cell phone without consent may be relatively small compared to the burden and expense required to individually litigate their claims against FAMS.  Management of the Class claims is likely to present significantly fewer

difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records by ministerial inspection of Defendant's records.

## IV.   CAUSES OF ACTION

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

31. The allegations above are re-alleged and incorporated herein by reference.

32. At all times relevant hereto Defendant was attempting to collect an alleged debt which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The above contacts made between Defendant and Plaintiff as non-debtor concerning Plaintiff's husband and son's student loan were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

34. Defendant, by its conduct in contacting non-debtor third parties like Plaintiff concerning the debt where location information for the debtor was not sought during the collection contact violated the FDCPA, including, but not limited to the following:

    a. Engaging in conduct the natural consequence of which is to abuse a person, 15 U.S.C. § 1692d;

    b. Using false and deceptive means to collect the debt, 15 U.S.C. § 1692e(10)

    c. Using unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f.

### COUNT II - TELEPHONE CONSUMER PROTECTION ACT

35. The allegations above are re-alleged and incorporated herein by reference.

36. Plaintiff and the members of the TCPA Class are "called part[ies]" within the meaning of the TCPA.

37. The foregoing acts and omissions of Defendant constitute violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii), by each and every call made in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

38. Defendant willfully or knowingly violated the TCPA with respect to Plaintiff and the TCPA Class by voluntarily placing non-emergency calls to the cellular telephone numbers of the Plaintiff and the members of the Class using an automated telephone dialing system with knowledge that it did not have the prior express consent of the called parties.

39. The TCPA provides Plaintiff and the members of the TCPA Class with a private right of action against Defendant FAMS for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff and the members of the TCPA Class are entitled to both injunctive relief and statutory damages of $500 per call and up to $1,500 per call made by FAMS in violation of the TCPA.

40. In the absence of a judicial declaration of the illegality of Defendant's conduct and an injunction barring Defendant from engaging in such illegal conduct in the future, Defendant will continue its unlawful conduct in the future.

41. Plaintiff and the members of the TCPA Class are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Classes;

B. That judgment be entered in favor of Plaintiff and the TCPA Class against Defendant for statutory damages for violation of the TCPA, 47 U.S.C. § 227(b)(3)(B) and (C);

C. That judgment be entered in favor of Plaintiff and the FDCPA Class against Defendant for actual and statutory damages for violation of the FDCPA, 15 U.S.C. § 1692k(a)(2)(B);

D. That the Court award Plaintiff her costs and reasonable attorneys' fees; and,

E. That the Court grant such other and further relief as may be just and proper.


Dated: February 5, 2020

ROBERT P. COCCO, P.C.
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

James A. Francis
David A. Searles
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com

Attorneys for Plaintiff and the Classes